IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00916-DME-MJW

DENISE M. SEYBOLD, f/k/a DENISE REIGEL,

Plaintiff,

v.

THE WELD COUNTY SHERIFF'S OFFICE a/k/a WELD COUNTY SHERIFF'S DEPARTMENT, BY AND THROUGH THE SHERIFF OF WELD COUNTY, COLORADO, and
JOHN E. COOKE, in his individual and official capacity,

Defendants.

## ORDER REGARDING
## DEFENDANT'S MOTION TO STRIKE REDUNDANT, IMMATERIAL, IMPERTINENT, AND SCANDALOUS ALLEGATIONS OF THE COMPLAINT AND FOR A MORE DEFINITE STATEMENT (DOCKET NO. 9)

**Entered by United States Magistrate Judge Michael J. Watanabe**

This matter was before the court on October 1, 2008, for oral argument on Defendant's Motion to Strike Redundant, Immaterial, Impertinent, and Scandalous Allegations of the Complaint and for a More Definite Statement (docket no. 9) filed by defendant Cooke. The court has considered the subject motion (docket no. 9), the response thereto (docket no. 28), and the reply (docket no. 29). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. Lastly, the court has considered oral argument by the parties through counsel. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Fed. R. Civ. P. 12(e) provides for motions for more definite statements and states, in pertinent part, as follows: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. . . .;"

5. That Fed. R. Civ. P. 12(f) provides in pertinent part: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. . . ;"

6. That "[m]otions to strike under Rule 12(f) are disfavored." Kimpton Hotel & Rest. Group L.L.C. v. Monaco Inn, Inc., 2008 WL 140488, *1 (D. Colo. Jan. 11, 2008). "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case." Id. (quoting United States v. Smuggler-Durant Mining Corp., 823 F. Supp. 873, 875 (D. Colo. 1993)). Moreover, "[m]otions to strike are usually only granted when the allegations have no bearing on the controversy and the

movant can show that he has been prejudiced." Id. (citing Sierra Club v. Young Life Campaign, Inc., 176 F. Supp. 2d 1070, 1086 (D. Colo. 2001));

7. That the function of the Complaint is to give notice to adverse parties sufficient to enable them to respond. Kohn v. American Housing Foundation I, Inc., 170 F.R.D. 474, 476 (D. Colo. 1996); and,

8. That after carefully reviewing the Complaint, it is clear that many of allegations (i.e., averments) in the Complaint have no bearing on the claims brought and are baseless and scandalous. There are other allegations (i.e., averments) in the Complaint that are either redundant, immaterial, and impertinent and should be stricken. In particular, paragraphs 3, 6,12 through 17, inclusive, 19, 20, 25, 27, 29, 34, 35, and 36 in the Complaint. Finally, the Complaint does not give the clear and concise basis for each of the claims brought, and accordingly the Complaint should be stricken, and the Plaintiff should be required to file an Amendment Complaint.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That the Defendant's Motion to Strike Redundant, Immaterial, Impertinent, and Scandalous Allegations of the Complaint and for a

More Definite Statement (docket no. 9) is **GRANTED**;

2. That the Complaint and Jury Demand (docket no.1) is stricken;

3. That Plaintiff shall file, **on or before, October 14, 2008**, an Amended Complaint without averments that contain redundant, immaterial, impertinent, and scandalous language, and the Amended Complaint shall contain clear and concise averments outlining each claim and clear and concise averments outlining the basis for each claim brought in the Complaint; and,

4. That each party shall pay their own attorney fees and costs for the subject motion (docket no. 9).

Done this 1st day of October, 2008.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE