IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00916-DME-MJW

DENISE M. SEYBOLD, f/k/a DENISE REIGEL,

Plaintiff(s),

v.

THE WELD COUNTY SHERIFF'S OFFICE a/k/a WELD COUNTY SHERIFF'S DEPARTMENT, BY AND THROUGH THE SHERIFF OF WELD COUNTY, COLORADO, and
JOHN E. COOKE, in his individual and official capacity,

Defendant(s).

---

## ORDER REGARDING
## (1) DEFENDANT SHERIFF OF WELD COUNTY JOHN B. COOKE'S MOTION TO COMPEL DISCLOSURES AND DISCOVERY FROM PLAINTIFF (DOCKET NO. 45); (2) PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (DOCKET NO. 53); and (3) PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL DOCUMENTS UNDER SEAL (DOCKET NO. 66)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before the court on: (1) Defendant Sheriff of Weld County John B. Cooke's Motion to Compel Disclosures and Discovery from Plaintiff (docket no. 45); Plaintiff's Motion Protective Order (docket no. 53); and Plaintiff's Motion to File Supplemental Documents Under Seal (docket no. 66). The court has considered these motions (docket nos. 45, 53, and 66) and the responses thereto. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. Furthermore, the court has reviewed the medical records of Plaintiff that were submitted under seal. The court now being fully informed

makes the following findings of fact, conclusions of law, and order.

Defendant seeks an order from this court compelling Plaintiff to produce: (1) executed medical and pharmacy releases for each of the eight health care providers and medications she disclosed; (2) medical bills and medical insurance information; (3) any written or recorded statements in whatever forms existing in Plaintiff's possession in any way relating to Alan Nickerson or an affirmation that no further records exist; (4) the July 2007 letter she submitted to the EEOC mediator during conciliation; and (5) any other documents Plaintiff has identified, but has not produced to date.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Plaintiff has established good cause shown to allow the supplemental medical records to be filed under seal pursuant to the Protective Order entered by this court on September 2, 2008;

5. That Plaintiff alleges that she "suffered a nervous breakdown," *see* Scheduling Order, p. 7., and she further claims she experienced "psychological, emotional, or mental anguish, distress, upset humiliation, embarrassment or degradation" as the result of

Defendant's alleged conduct. *See* Complaint paragraph 41;

6. That Plaintiff seeks emotional distress damages and has placed her medical condition at issue in this case and thus has waived an available privilege. Fox v. Gates Corp., 179 F.R.D. 303, 305 (D. Colo. 1998). Further, that Plaintiff has previously disclosed two of her treating physicians, namely, Dr. Keith Thompson and Dr. Scott Corliss, and the physician patient privilege has been waived per Fox, *supra.*;

7. That decisions with respect to the discoverability of documents are committed to the court's sound discretion. *See* Gomez v. Martin Marietta Corp., 50 F.3d 1511, 1520 (10th Cir. 1995);

8. That all of the medical records submitted under seal by Plaintiff are relevant and discoverable in this case based upon the claims and damages that Plaintiff is seeking in her Complaint; and,

9. That Plaintiff has failed to demonstrate any basis in law or fact for this court to modify the current Protective Order entered by this court on September 2, 2008.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law the court **ORDERS:**

1. That the Defendant Sheriff of Weld County John B. Cooke's Motion to Compel Disclosures and Discovery from Plaintiff (docket no. 45)

is **GRANTED**. Plaintiff shall produce to the Defendant: (1) executed medical and pharmacy releases for each of the eight health care providers and medications she disclosed; (2) medical bills and medical insurance information; (3) any written or recorded statements in whatever forms existing in Plaintiff's possession in any way relating to Alan Nickerson or an affirmation that no further records exist; and (4) the July 2007 letter she submitted to the EEOC mediator during conciliation on or before January 9, 2009;

2. That the Plaintiff's Motion Protective Order (docket no. 53) is **DENIED**;

3. That the Plaintiff's Motion to File Supplemental Documents Under Seal (docket no. 66) is **GRANTED**. The Plaintiff's supplemental medical records from Plaintiff shall be **SEALED** and not opened except by further Order of Court. Such supplemental medical records are subject to the Protective Order entered by this Court on September 2, 2008;

4. That each party shall pay their own attorney fees and costs for this motion.

Done this 22nd day of December 2008.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE