IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00916-DME-MJW

DENISE M. SEYBOLD, f/k/a DENISE REIGEL,

Plaintiff,

v.

JOHN E. COOKE, Sheriff of Weld County, Colorado,
in his individual and official capacity,

Defendant.

## MINUTE ORDER

Entered by United States Magistrate Judge Michael J. Watanabe

      It is hereby **ORDERED** that Defendant Sheriff of Weld County's Motion for Sanctions Pursuant to Fed. R. Civ. P. 37 (docket no. 104) is **DENIED**, and each party shall pay their own attorney fees and costs for this motion.

      Both sides have had difficulty in communicating with each other timely, and both sides have had problems in scheduling depositions. Plaintiff's counsel, Mr. Blundell, apparently suffers from lumbar degenerative disc disease and/or disc disruption or dysfunction, which periodically (as during the recent past, including the second week of last month) has resulted in severely impairing flare-ups, involving significant ongoing pain, discomfort, stiffness, limitations in sitting, standing, and walking, and the corresponding need (as recently) for treatment in the form of multiple chiropractic adjustments, ultrasound, electric muscle stimulation, and the daily ingestion of narcotic painkillers, muscle relaxers, and anti-inflammatory medications. *See* Response (docket no. 132 at page 3). The evidence shows that a communication took place by Mr. Blundell to Defendant through Mr. Blundell's assistant, Lori Harris, via e-mail to Defendant's counsel Katherine Pratt dated Monday, February 9, 2009, at 8:55 a.m. This e-mail stated: **"Ms. Pratt: I just spoke with Mr. Blundell and he will be conducting the depositions scheduled for Tuesday-Friday of this week. If you have any questions, please do not hesitate to call. Thank you. cc: Wilson George Court Reporters."** *See* subject motion (docket no. 104, attached exhibit A-7). Thereafter, it appears that Mr. Blundell had a flare-up of his back condition sometime between the e-mail by Mr. Blundell's assistant, Lori Harris, on February 9, 2009, at 8:55 a.m., and David Tuttle's scheduled deposition on February 10, 2009, and therefore Mr. Blundell was unable to attend the deposition of Mr. Tuttle on February 10, 2009. *See* subject motion (docket no.104, attached exhibit A-6). Efforts were made by Mr. Blundell to try and call off the deposition of Mr. Tuttle but were unsuccessful. I do not find bad

faith on behalf of Mr. Blundell.  I find the flare-up of Mr. Blundell's back to be unintentional.  Moreover, on the morning of February 17, 2009, Defendant's legal secretary sent an e-mail to Mr. Blundell stating that: **"Ms. Pratt just called from Greeley to advise that Mr. Poncelow's wife is having emergency surgery this morning.  Accordingly, Mr. Poncelow's deposition will have to be rescheduled."** *See* Response (docket no. 132) attached e-mail dated February 17, 2009.  Mr. Blundell had to spend a number of hours preparing for this deposition of Defendant's witness that had to be cancelled at the last minute.  I do not find bad faith on behalf of Defendant's attorney Ms. Pratt.  In conclusion, both sides have had to spend additional time and expense due to the cancellation of the two above depositions, and therefore no attorney fees and costs should be awarded to either side under these facts and circumstances.

Date:  March 16, 2009