IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00916-DME-MJW

DENISE M. SEYBOLD, f/k/a DENISE REIGEL,

Plaintiff,

v.

THE WELD COUNTY SHERIFF'S OFFICE a/k/a WELD COUNTY SHERIFF'S DEPARTMENT, BY AND THROUGH THE SHERIFF OF WELD COUNTY, COLORADO, and
JOHN E. COOKE, in his individual and official capacity,

Defendants.

---

**ORDER REGARDING:**
**(1) DEFENDANT SHERIFF OF WELD COUNTY'S MOTION FOR PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(c) (DOCKET NO. 130);**
**(2) DEFENDANT SHERIFF OF WELD COUNTY'S MOTION TO COMPEL OR, IN THE ALTERNATIVE TO STRIKE PLAINTIFF'S DISCLOSURE OF WITNESSES IN COMPLIANCE WITH FED. R. CIV. P. 26(A)(1) (DOCKET NO. 149);**
**(3) PLAINTIFF'S VERIFIED MOTION TO COMPEL DISCOVERY AND DISCLOSURES (DOCKET NO. 154);**
**AND**
**(4) PLAINTIFF'S MOTION FOR AN ORDER EXTENDING THE DISCOVERY DEADLINE AND ACCORDINGLY THE DISPOSITIVE MOTION DEADLINE (DOCKET NO. 159)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before the court on: (1) Defendant Sheriff of Weld County's Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c) (docket no. 130); (2) Defendant Sheriff of Weld County's Motion to Compel or, in the Alternative to Strike Plaintiff's

2

Disclosure of Witnesses in Compliance with Fed. R. Civ. P. 26(A)(1) (docket no. 149); (3) Plaintiff's Verified Motion to Compel Discovery and Disclosures (docket no. 154); and (4) Plaintiff's Motion for an Order Extending the Discovery Deadline and Accordingly the Dispositive Motion Deadline (docket no. 159). The court has considered these motions, responses, and replies that have been filed. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;
2. That venue is proper in the state and District of Colorado;
3. That each party has been given a fair and adequate opportunity to be heard;
4. That the parties have been unable to agree as to the scope of discovery in this case;
5. That plaintiff and defendants have accused each other of engaging in improper discovery tactics;
6. That plaintiff and defendants have accused each other of seeking discovery that is not relevant to the issues before this court;
7. That this court needs to now supervise very closely all future **fact depositions** in this case in order to insure that the parties ask

3

questions that are relevant to the issues before this court and may lead to admissible evidence at trial;

8. That plaintiff's Fed. R. Civ. P. 26(a)(1) disclosures are adequate and sufficient. *See* exhibit A-1 captioned "Plaintiff's Initial Disclosures Pursuant to F.R.C.P. [sic] 26(a)(1)" (docket no. 148);

9. That D.C.COLO.LCivR 7.1 A states:

> **A. Duty to Confer.** The court will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.

10. That failure to confer in good faith constitutes sufficient grounds to deny Plaintiff's Motion to Compel. Kalis v. Colgate-Palmolive Co., 231 F.3d 1049, 1059 (7th Cir. 2000) (upholding district court's decision denying motion to compel when plaintiff failed to confer in good faith); Cunningham v. Standard Fire Ins. Co., 2008 WL 2247860 (D. Colo. May 29, 2008) (noting that failure to confer is sufficient basis upon which to deny motion);

11. That after reviewing the moving papers, I find that Plaintiff's counsel has failed to comply with Fed. R. Civ. P. 37(a)(1) and D.C.COLO.LCivR 7.1 A. as it pertains to Plaintiff's Verified Motion to Compel Discovery and Disclosures (docket no. 154);

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law the court **ORDERS:**

1. That Defendant Sheriff of Weld County's Motion for Protective Order Pursuant to Fed. R. Civ. Pl. 26(c) (docket no. 130) is **GRANTED IN PART AND DENIED IN PART**.  The motion (docket no. 130) is **GRANTED** insofar as all future **fact depositions** shall take place in the Jury Deliberation Suite, Room A549, on the 5th Floor of the Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, Denver, Colorado 80294.  The remainder of the relief sought in this motion (docket no. 130) is **DENIED**.

    The parties shall forthwith confer regarding the dates and times for the fact depositions and shall then contact Magistrate Judge Watanabe's Chambers at (303) 844-2403 to clear those dates and times for the depositions to ensure Magistrate Judge Watanabe's availability to rule on any objections during the depositions.  The parties shall then immediately contact Brenda Martinez in the Clerk of Court's Executive Office at (303)-335-2076 to reserve the dates and times for the fact depositions to be conducted in the **Jury Deliberation Suite, Room A549**, on the 5th Floor of the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Denver, Colorado 80294.

5

During these fact depositions, Magistrate Judge Watanabe will be available to address any objections. If the parties should need a ruling from Magistrate Judge Watanabe on any objections raised during such fact depositions, then the parties shall use the call box just outside of the Jury Deliberation Suite to contact Magistrate Judge Watanabe. Judge Watanabe will then go to the Jury Deliberation Suite and rule on any objections raised;

2. That Defendant Sheriff of Weld County's Motion to Compel or, in the Alternative to Strike Plaintiff's Disclosure of Witnesses in Compliance with Fed. R. Civ. P. 26(a)(1) (docket no. 149) is **DENIED**;

3. That Plaintiff's Verified Motion to Compel Discovery and Disclosures (docket no. 154) is **DENIED**;

4. That Plaintiff's Motion for an Order Extending the Discovery Deadline and Accordingly the Dispositive Motion Deadline (docket no. 159) is **GRANTED**. The deadline to complete discovery is extended to June 1, 2009. The deadline to file dispositive motions is extended to July 1, 2009. The Final Pretrial Conference set on June 1, 2009, at 8:30 a.m. is **VACATED** and **RESET** to July 30, 2009, at 8:30 a.m. The parties shall file their proposed Final Pretrial Order with the court on or before July 27, 2009;

6

5.      That each party shall pay their own attorney fees and costs for these motions.

Done this 1st day of May 2009.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE