IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00916-DME-MJW

DENISE M. SEYBOLD, f/k/a DENISE REIGEL,

Plaintiff,

v.

JOHN E. COOKE, Sheriff of Weld County, Colorado,
in his individual and official capacity,

Defendants.

---

## ORDER REGARDING
## PLAINTIFF'S VERIFIED MOTION FOR RELIEF PURSUANT TO F.R.C.P [SIC] 43(E) AND 56(F) (DOCKET NO. 218)

**Entered by United States Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's Verified Motion for Relief Pursuant to

F.R.C.P. [sic] 43(E) and 56(F) (docket no. 218).  The court has reviewed the subject

motion (docket no. 218) and the response (docket no. 220).  In addition, the court has

taken judicial notice of the court's file and has considered applicable Federal Rules of

Civil Procedure and case law.  The court now being fully informed makes the following

findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1.     That I have jurisdiction over the subject matter and over the parties

to this lawsuit;

2.     That venue is proper in the state and District of Colorado;

3.     That each party has been given a fair and adequate opportunity to

2

be heard on the subject motion (docket no. 218);

4.     That Plaintiff seeks an order from this court to either allow additional time for discovery or in the alternative to allow Plaintiff to provide oral testimony before Judge Ebel in support of her opposition (response) to:

   a.     Defendant's Partial Motion to Dismiss Pursuant to F.R.C.P. [sic] 12(b)(6) and Partial Motion to Strike Pursuant to F.R.C.P. [sic] 12(f) Directed to Plaintiff's "Corrected and Amended" Second Amended Complaint (docket no. 146) and,

   b.     Defendant Sheriff John Cooke's Motion for Summary Judgment (docket no. 196);

5.     That a decision to grant additional discovery pursuant to Fed. R. Civ. P. 56(f) lies in the court's sound discretion.  See Bliss v. Franco, 446 F.3d 1036, 1042 (10th Cir. 2006).  Moreover, Fed. R. Civ. P. 56(f) requires the movant to file an affidavit explaining why s/he cannot present facts to oppose the motion for summary judgment.  International Surplus Lines Ins. Co. v. Wyoming Coal Refining Sys., Inc., 52 F.3d 901, 905 (10th Cir. 1995).  In addition, the movant is required to state with specificity how the additional material will rebut the summary judgment motion.  Id.  A movant may not invoke Fed. R. Civ. P. 56(f) by merely asserting that discovery is incomplete or that specific facts necessary to oppose

3

such summary judgment motion are unavailable.  Instead, the movant must demonstrate precisely how additional discovery will lead to a genuine issue of material fact.  <u>Ben Ezra, Weinstein & Co., Inc., v. America Online, Inc.</u>, 206 F.3d 980, 987 (10th Cir. 2000);

6.   That on August 20, 2008, a Rule 16 Scheduling Order was entered by Magistrate Judge Watanabe.  *See* docket no. 20.  In the Scheduling Order, the parties were given until February 23, 2009, to complete discovery.  During this discovery period, Plaintiff served only one set of written discovery on January 21, 2009, and the defendant timely responded to such discovery request;

7.   That in January 2009, Plaintiff first sought to schedule ten (10) fact depositions of Weld County employees to be completed between February 9, 2009, and February 23, 2009, the deadline to complete discovery.  The Defendant accommodated Plaintiff on such short notice and set such depositions;

8.   That Plaintiff's counsel cancelled or failed to appear for five (5) depositions set for the week of February 9-13, 2009.  *See* docket no. 102, Motion for Sanctions, at paragraphs 3-15.  Plaintiff's counsel proceeded with the three (3) depositions of Ed Herring, Susan Elton, and Margie Martinez between February 18-20, 2009.  However, Plaintiff's counsel terminated the depositions of Susan Elton and Margie Martinez.  *See* docket no. 130, at exhibits A-2 and

4

A-3;

9.    That the deadline to complete discovery was extended to April 23,

2009, at the Defendant's request following the court's ruling on the

Defendant's Motion to Compel medical records from the Plaintiff.

Nevertheless, Plaintiff did not notice any further depositions

between February 23, 2009 (i.e., the original discovery cut off date)

and April 23, 2009;

10.   That on May 1, 2009, Magistrate Judge Watanabe granted, in part,

Plaintiff's Motion to Extend Discovery Deadlines by permitting

discovery to be extended to June 1, 2009.  *See* docket no. 177;

11.   That all parties have had adequate time (i.e., more than 10 months)

to complete discovery in this case;

12.   That Plaintiff's request to allow oral testimony to support her

response to Defendant's dispositive motions (docket nos. 146 and

196) that are currently pending before Judge Ebel pursuant to  Fed.

R. Civ. P. 43(c) is without merit.  *See* Seamons v. Snow, 206 F.3d

1021, 1025-26 (10th Cir. 2000)*, and* Stewart v. RCA Corp., 790 F.2d

624, 628 (7th Cir. 1985);

13.   That Plaintiff has failed to: (a) identify the probable facts that are

not available; (b) identify what steps Plaintiff has taken to obtain

those facts; and (c) demonstrate how additional time will enable her

to rebut the Defendant's position that there is no genuine issue of

material fact.  *See* International Surplus Lines Ins. Co. v. Wyoming

5

Coal Refining Systems, Inc., 52 F.3d at 905;

14.     That Plaintiff has further failed to demonstrate in the subject motion

(docket no. 218) how any piece of information she claims does not

have could create a genuine issue of material fact respecting any of

her claims that she asserts in her pleadings; and,

15.     That Plaintiff had sufficient time and was permitted within the

discovery limitations set within the Rule 16 Scheduling Order

(docket no. 20) to subpoena any witness that she needed to rebut

the dispositive motions (docket nos. 146 and 196) if such witnesses

would not provide Plaintiff with an affidavit, but Plaintiff failed to do

so.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this

court **ORDERS**:

1.      That Plaintiff's Verified Motion for Relief Pursuant to F.R.C.P. [sic]

43(E) and 56(F) (docket no. 218) is **DENIED**; and

2.      That each party shall pay their own attorney fees and costs for this

motion.

Done this 16th day of September 2009.

BY THE COURT

S/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE