# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00916-DME-MJW

DENISE M. SEYBOLD, f/k/a DENISE REIGEL,

      Plaintiff,

v.

JOHN E. COOKE, Sherriff of Weld County, Colorado,
in his individual and official capacity,

      Defendant.

## ORDER DENYING PLAINTIFF'S OBJECTIONS
## TO MAGISTRATE JUDGE WATANABE'S ORDER
## DATED SEPTEMBER 16, 2009

      This matter comes before the court on Plaintiff's Objection to Magistrate Judge Watanabe's September 16, 2009, Order denying Plaintiff's motions for relief under Federal Rules of Civil Procedure 43(e)[1] and 56(f).  The court has reviewed Magistrate Judge Watanabe's Order and hereby DENIES Plaintiff's Objection.

      Non-dispositive orders of a magistrate judge are reviewed by this court under Federal Rule of Civil Procedure 72(a).  If an objection is made to the magistrate judge's order, this court "must modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Id.; see also 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").  This court will affirm the magistrate judge's order unless, viewing the

---

[1] While the caption of Plaintiff's motion referred to Rule 43(e), this is presumably an error, as there is no such subdivision in the current version of Rule 43.  The body of Plaintiff's motion refers, correctly, to Rule 43(c).

evidence and arguments, it "is left with the definite and firm conviction that a mistake has been committed." Ariza v. U.S. W. Commc'ns, Inc., 167 F.R.D. 131, 133 (D. Colo. 1996) (quoting Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988)) (quotation marks omitted). "Because a magistrate judge is afforded broad discretion in the resolution of non-dispositive discovery disputes, the court will overrule the magistrate's determination only if this discretion is abused." Comeau v. Rupp, 142 F.R.D. 683, 684-85 (D. Kan. 1992).

I.   **Plaintiff's Motion Under Rule 56(f)**

Under Rule 56(f), "[i]f a party opposing [a summary judgment] motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may" continue the proceedings for further discovery. Fed. R. Civ. P. 56(f).

> A party seeking to defer a ruling on summary judgment under Rule 56(f) must file an affidavit that explains why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts. A party may not invoke Rule 56(f) by simply stating that discovery is incomplete but must state with specificity how the additional material will rebut the summary judgment motion.

Garcia v. U.S. Air Force, 533 F.3d 1170, 1179 (10th Cir. 2008) (quotation marks, alterations, citations omitted).

As noted by Magistrate Judge Watanabe, the parties to this case have had more than ten months to complete discovery. (Doc. 235 at 4 ¶ 11.) Further, Plaintiff has on more than one occasion cancelled or failed to appear at depositions. (Id. at 3 ¶¶ 7-8; Docs. 102, 130.) In Plaintiff's Rule 56(f) motion, she pointed to a need for "some form of meaningful disclosures and discovery with regard to each and every comparator or comparative evidence, and preferential class versus victimized protected class disparate treatment and impact and hostile environment and pattern or practice allegations and matters at issue or in dispute herein" in order

to rebut Defendant's summary judgment motion. (Doc. 218 at 13 ¶ 21.)  In her affidavit in support of her Rule 56(f) motion, Plaintiff identifies a very broad range of areas in which she claims further discovery is necessary, and presents many allegations of obstructionist conduct on the part of the Defendant throughout discovery that allegedly deprived her of her ability to obtain the discovery.  (Doc. 218-2 at 2 ¶ 3; 10 ¶ 28.)  But Plaintiff's statements fall short of explaining how, given the multiple extensions of the discovery deadline already granted by Magistrate Judge Watanabe, she could not obtain the necessary discovery in the time previously allotted. (Doc. 235 at 3-4 ¶¶ 6-11.)  Nor did she file an objection with this court when Magistrate Judge Watanabe denied her motion to compel discovery on May 1, 2009.  (Doc. 177.)

Given the foregoing, Plaintiff has failed to demonstrate that Magistrate Judge Watanabe abused his discretion in denying her Rule 56(f) motion, and this court holds that the denial was not clearly erroneous or contrary to law.

**II.    Plaintiff's Motion Under Rule 43(c)**

Rule 43(c) authorizes a court to hear a motion "wholly or partly on oral testimony." Fed. R. Civ. P. 43(c).  This Rule applies to summary judgment motions.  See Seamons v. Snow, 206 F.3d 1021, 1025 (10th Cir. 2000).  In most circumstances, however, hearing oral testimony on a summary judgment motion would be unproductive, because the very nature of a summary judgment motion precludes the evaluation of witness credibility that oral testimony facilitates, or the resolution by the judge of any evidentiary dispute.  See id. (citing Stewart v. RCA Corp., 790 F.2d 624, 628 (7th Cir. 1986)).  The existence of a genuine issue of material fact can generally be established via affidavits and depositions, and oral in-court testimony at the summary judgment stage "should be used sparingly and with great care." Seamons, 206 F.2d at 1026.

As noted above and in Magistrate Judge Watanabe's Order, the Plaintiff in this matter has had ample opportunity to conduct discovery, and this court can see no aspect of this case that would require, or even benefit from, live in-court testimony at the summary judgment stage. Therefore, Magistrate Judge Watanabe's decision to deny Plaintiff's Rule 43(c) motion was neither clearly erroneous nor contrary to law.

**Conclusion**

For the foregoing reasons, the court holds that Magistrate Judge Watanabe's Order dated September 16, 2009, was not clearly erroneous or contrary to law, and thus DENIES Plaintiff's Objection.

While the court here affirms Magistrate Judge Watanabe's Order, the court is sensitive to the fact that Plaintiff's attorney has been forced to withdraw due to health reasons unrelated to this case. The court recognizes that some degree of flexibility will be required in handling this case as Plaintiff seeks new counsel or proceeds pro se. The court has no doubt that Magistrate Judge Watanabe will continue to manage the case in the same fair but flexible manner he has thus far demonstrated.

Dated this    24th    day of      November    , 2009.

BY THE COURT:

*s/ David M. Ebel*

U. S. CIRCUIT COURT JUDGE