**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  08-cv-00916-DME-MJW

DENISE M. SEYBOLD,

       Plaintiff,

v.

JOHN COOKE, SHERIFF OF WELD COUNTY, COLORADO,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES,

       Defendant.

**ORDER**

This matter comes before the Court upon consideration of Defendant's Motion for Summary Judgment (Doc. 196) and Plaintiff's Response thereto (Doc. 269).

In her Response to the Defendant's Motion for Summary Judgment, the Plaintiff repeatedly refers to exhibits which were not provided either to the Court or to opposing counsel. (See, Doc. 269 at 2 ("Plf. Ex. 2"), 4 ("Plf. Ex. 3," "Plf. Ex. 4"), 6 ("Ex. 7"), 8 ("Ex. 8"), 9 ("Ex. 9," "Ex. 10"), 13 ("Ex. 14").)  The Federal Rules of Civil Procedure provide that a party opposing summary judgment "may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2).

While this Court is bound to construe the pleadings of a pro se litigant liberally, that liberal construction must stop short of the point at which the Court begins to function as that litigant's advocate.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  Further, the

1

Tenth Circuit "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." Hall v. Witteman, 584 F.3d 859, 864 (10th Cir. 2009) (quoting Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005)).

In light of these mandates, the Court hereby enters the following ORDER:

- If the Plaintiff wishes the Court to consider the materials referenced in her Response, Plaintiff must provide both the Court and defense counsel with copies of all exhibits referenced in her Response to the Defendant's Motion for Summary Judgment, supported in the manner required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 56(e)(1) ("A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.") For the Court to take the contents of these exhibits into consideration in ruling on the Motion, the **Plaintiff must provide these copies and the required evidentiary support called for in Rule 56(e)(1) before 5:00 p.m. on Thursday, February 4, 2010**.
- If the Plaintiff provides the Court and opposing counsel with the documents, Defendant will have 10 days to supplement his Reply (Doc. 274) to respond to the new material, if necessary.

- If the Court and opposing counsel have not been provided with copies and required evidentiary support by the above-referenced time, the Court will rule on the motion based upon the record submitted by the Defendant.

Dated this \_\_\_\_25th\_\_\_\_ day of _____January_____, 2010.

BY THE COURT:

*s/ David M. Ebel*

U. S. CIRCUIT COURT JUDGE