**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  08-cv-00916-DME

DENISE M. SEYBOLD,

        Plaintiff,

v.

JOHN COOKE, Sheriff of Weld County, Colorado,
in his individual and official capacities,

        Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION TO REVIEW TAXATION OF COSTS**

---

This matter comes before the Court on Defendant Sheriff John Cooke's

("Sheriff") motion asking the Court to review the Clerk's taxation of costs.  [Doc. 289.]

The Plaintiff, Denise Seybold, did not file a response to the Defendant's motion, and the

Defendant filed a Reply after the deadline for the Plaintiff's filing expired.  [Doc. 290.]

With these documents, the Defendant's Bill of Costs [Doc. 285], and the Clerk's

annotations thereof [Doc. 286] before it, the Court hereby GRANTS the motion in part,

and DENIES it in part.

**Background**

The Court granted the Sheriff's motion for summary judgment on February 25,

2010.  [Doc. 277.]  On April 16, the Court granted the Sheriff's motion seeking an award

of costs.  [Doc. 284.]  The Sheriff submitted his Bill of Costs [Doc. 285] to the Clerk on

April 30, seeking a total of $5,779.62 in costs associated with the summary judgment motion. On May 4, the Clerk reduced the award of costs by $3,038.55, largely after disallowing costs associated with depositions that were not cited in the summary judgment briefing, thus awarding the Sheriff a total of $2,741.07. [Doc. 286.] The Sheriff filed a motion with this Court on May 11 [Doc. 287] seeking review of the award, and Seybold did not respond to this motion. In his motion, the Sheriff seeks an additional $2,676.65 in costs, which would bring the total award of costs to $5,417.72.[1]

**Legal Standard**

Federal Rule of Civil Procedure 54(d)(1) empowers the Court to order a reimbursement of costs, exclusive of attorneys' fees, to the prevailing party in a litigation. Once the clerk taxes such costs, "the court may review the clerk's action" upon motion of the parties. Fed. R. Civ. P. 54(d)(1). "A prevailing party bears the burden of establishing the amount of costs to which it is entitled." In re Williams Securities Litig.—WCG Subclass, 558 F.3d 1144, 1148 (10th Cir. 2009). There is a presumption that such costs will be awarded, and "[o]nce a prevailing party establishes its right to recover allowable costs . . . the burden shifts to the non-prevailing party to overcome the presumption." Id. (quotation and citation omitted).

Title 28, United States Code, § 1920 governs what sorts of costs are taxable under Rule 54(d)(1). That statute provides:

---

[1] This total is $361.90 less than the Sheriff's original request, due to the Sheriff's concession that attorney travel costs—which were originally sought in that amount—are not taxable under Rule 54(d). [Doc. 289 at 2 n.1.]

A judge or clerk of any court of the United States may tax as costs the following:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920. Thus, the resolution of this motion turns on whether the expenditures for which the Sheriff seeks reimbursement were "reasonably necessary to the litigation of the case." In re Williams Securities Litig., 558 F.3d at 1148. The costs of such items need not have been "strictly essential" to the Court's resolution of the case, but costs associated with materials produced "solely for discovery" are not recoverable. Id. "[I]f deposition transcripts were offered into evidence, were not frivolous, and were within the bounds of vigorous advocacy, costs may be taxed." Id. (quotations and citations omitted). Further, the Court can tax costs for materials that were obtained with an eye toward trial, even if the case was disposed of, as here, via dispositive pretrial motion, and the materials were not used. Id. Whether such materials were necessary is evaluated as of the time the expense was incurred, rather than via hindsight. Id.

The determination of reasonable necessity lies within the discretion of this Court. See Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1474 (10th Cir. 1997) ("We will

not disturb the district court's determination regarding what deposition costs are reasonably necessary to the litigation absent an abuse of discretion.").

**Analysis**

The Sheriff seeks costs that were disallowed by the Clerk in five areas: (1) the costs of obtaining deposition transcripts; (2) witness fees; (3) the cost of obtaining Seybold's medical records; (4) the cost of obtaining Seybold's federal income tax records from the Internal Revenue Service (IRS); and (5) the cost of serving subpoenas for depositions. The Court will address each item in order.

The Sheriff seeks reimbursement of the cost of obtaining transcripts of the depositions of six witnesses: David Tuttle, Sue Elton, Edwin Herring, Lawrence Kerrigan, Jody Goodwine, and Margie Martinez. Such costs are recoverable under § 1920(2), as long as they were reasonably necessary to the litigation of the case. The Court finds that all of the indicated transcripts were reasonably necessary. Seybold's Second Amended Complaint asserted an extremely broad theory of the case, involving discriminatory treatment and a conspiracy against her throughout the Weld County Sheriff's Office. [See, e.g., Doc. 127 at ¶ 11 ("[B]oth Plaintiff and other Weld County Sheriff's Office employees or agents have been, and continue to be, subjected to various and sundry unaddressed or un-remedied acts of sexually oriented or based harassment or other abuse . . . by Defendant, his managers, supervisors, agents, and employees . . . .").] All of the deponents other than Goodwine and Kerrigan were

connected either to the Sheriff's department or to the county, and thus their testimony could reasonably have been regarded as necessary to the litigation.

Goodwine and Kerrigan, on the other hand, were Seybold's mental health providers. The Court notes that Seybold's Second Amended Complaint puts her mental health directly at issue. [See, e.g., id. ¶ 36 ("[I]n January and February 2009, the Defendant . . . engaged in a new course of retaliation regarding the Plaintiff's emotional distress injuries and damages . . . .").] Thus deposing those individuals and obtaining transcripts of those depositions was reasonably necessary to the litigation, even though the case was disposed of on summary judgment before the issue of Seybold's mental health came before the Court at trial. See In re Williams Securities Litig., 558 F.3d at 1148 ("[W]e will not penalize a party who happens to prevail on a dispositive motion by not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case."). Therefore, the Court will award the Sheriff an additional $1,264.00 for the transcripts of the depositions.

Next, the Sheriff seeks an additional $360.00 in expert witness fees for Goodwine and Kerrigan, incurred when taking their depositions. Witness fees are recoverable under § 1920(3). Goodwine and Kerrigan were two of Seybold's mental health providers and, as noted above, Seybold chose to put her mental health at issue in the litigation. Therefore, the Court will award the Sheriff an additional $360.00 in expert witness fees for Goodwine and Kerrigan.

As to Seybold's medical records, obtained from three different Weld County health providers at a cost of $135.33, the Sheriff correctly asserts that Seybold put her own medical condition at issue, and thus that the medical records were necessary to properly defend the case. The Court finds that the copies of the medical records obtained were materials necessary to the preparation of the case, under § 1920(4). Therefore, the Court will award the Sheriff the $135.33 incurred in obtaining the records.

Next, the Sheriff seeks $408.73 to reimburse the cost of obtaining Seybold's federal income tax records directly from the IRS. The Sheriff does not indicate in his motion which subsection of § 1920 justifies an award of these costs. Further, he does not provide an argument for why it was necessary at the time to obtain Seybold's records directly from the IRS, rather than simply relying on the ordinary mechanisms of discovery for that information. The Sheriff correctly states that Seybold put her financial status at issue by claiming damages for lost income, but that does not establish why a simple request for production of documents, delivered to Seybold under Rule 34, would not have been sufficient for the purposes of trial. Fed. R. Civ. P. 34(a)(1)(A) ("A party may serve on any other party a request . . . to produce . . . any designated documents . . . ."). Therefore, the Sheriff has not established that he is entitled to these costs, and the Court will deny this portion of the motion.

Finally, the Sheriff seeks $250.00 for the cost of service of subpoenas, and $258.54 for "witness fees associated those [sic] subpoenas." [Doc. 289 at 5.] Witness fees are recoverable under § 1920(3), and 28 U.S.C. § 1821(b) establishes that witnesses shall be paid a $40 per day fee for their testimony. Therefore, the Court will

award the Sheriff the $258.54 in witness fees. The Sheriff has not proffered any legal authority establishing that fees for the service of subpoenas are recoverable; the Court will therefore decline to award the $250.00 for the service of subpoenas. See Alfaro v. Gen. Motors Corp., No. 05-cv-00645-MSK-BNB, 2007 WL 840505, at *3 (D. Colo. Mar. 19. 2007) ("[Defendant] has pointed the Court to no authority for awarding fees for service of deposition subpoenas, and the Court is aware of none.").

**Conclusion**

It is therefore ORDERED that:

- Defendant's Motion to Review Taxation of Costs [Doc. 289] is GRANTED IN PART AND DENIED IN PART;
- The Court awards the Defendant $2,017.87 above what the Clerk already awarded, bringing the total cost award to $4,758.94.

Dated this ___22nd___ day of _____June___, 2010.

BY THE COURT:

*s/ David M. Ebel*

U. S. CIRCUIT COURT JUDGE